Argued February 4, affirmed March 17, 1965

## STATE LAND BOARD v. SCHWABE ET AL

400 P. 2d 10

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for appellant. On the briefs with him was Robert Y. Thornton, Attorney General, Salem.

*Peter A. Schwabe, Sr.,* Portland, argued the cause for respondents. With him on the brief was Peter A. Schwabe, Jr., Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

In this case we are concerned with reciprocal rights of inheritance under ORS 111.070, that existed in 1954 between citizens of the United States and those of the Polish People's Republic.

John Kolek, a resident of Washington, died in 1954 owning real property in Benton County, Oregon. His heirs were residents of Poland. The problem is to decide if, in 1954, the rights of inheritance prescribed by ORS 111.070 could be met by citizens of Poland. The statute makes three requirements: 1. The reciprocal right of a citizen of Oregon to take an inheritance from an estate in Poland; 2. The unequivocal right of a citizen of the United States to receive property inherited from an estate in Poland, and 3. The right of the Polish citizen to use and control property inherited from estates in Oregon without confiscation of any part of the inheritance by the Polish government. *State Land Board v. Pekarek,* 1963, 234 Or 74, 378 P2d 734.

The evidence in the cases consisted primarily of a certificate of the Polish Ambassador to the United States that in 1954 there was a free, reciprocal flow of property passing by inheritance between citizens of the two countries and that no part of an inheritance due a citizen of Poland would be confiscated by that government.

And, plaintiff relied on United States Treasury Department Circular No. 655, dated February 19, 1951, in which Poland was listed as a nation in which it was doubtful that checks drawn against the funds of the United States would be received by payees in the countries listed. This ban on the sending of Federal checks to Poland was lifted on June 7, 1957. In *State Land Board v. Pekarek,* supra, 234 Or at page 82, we

gave this circular prevailing weight over claims of reciprocity made by a certificate of the Ambassador from Czechoslovakia similar to that in evidence here. However, in the instant case there was other evidence which in some measure reflects a respect upon the part of the United States Government for the Government of Poland that in the *Pekarek* case, at least, we did not find extended to the Government of Czechoslovakia, or to the declarations of its officials. The evidence, it is true, indicates that this reliance by the United States Department of State upon the commitments of the Government of Poland may have developed later than 1954. The evidence was presented by defendants, however, to give greater credence to the certificate of the Polish Ambassador, dated in 1963, than was given to the similar certificate by the Czechoslovakian Ambassador in *Pekarek*. We think the evidence is entitled to that interpretation and that the certificate may be taken as true. If, as the evidence indicates, the Department of State has reason to accord credibility to the current representations of the officials of the Polish People's Republic and act accordingly, we see no reason why a state court should, without any reason in fact, disbelieve an official declaration of the Polish Ambassador.

It must be remembered that this was an action of law tried by the court without a jury. *State v. McDonald,* 1910, 55 Or 419, 433, 103 P 512, 104 P 967, 106 P 444; *In Re Wakefield's Estate,* 1939, 161 Or 330, 87 P2d 794, 89 P2d 592. The trial court's findings are supported by the evidence.

Affirmed.